1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERNEST DOTSON,                              No.  2:16-cv-2391 AC P

12                   Plaintiff,

13          v.                                    ORDER

14    J. HILTON,

15                   Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18    § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19    Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes

20    pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

21          I.      Request to Proceed In Forma Pauperis

22          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

23    1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

24          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

1  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

4  1915(b)(2).

5          II.    Screening Requirement

6          The court is required to screen complaints brought by prisoners seeking relief against a

7  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

8  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

9  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

10 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17 Cir. 1989); Franklin, 745 F.2d at 1227.

18         A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

19 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

20 support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

21 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

22 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

23 this standard, the court must accept as true the allegations of the complaint in question, Hosp.

24 Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most

25 favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395

26 U.S. 411, 421 (1969).

27         III.    Plaintiff's Allegations

28         In the complaint, plaintiff alleges that he was stabbed in a prison yard "race riot" at

2

California State Prison-Solano[1] and sustained several injuries, including a collapsed lung.  ECF No. 1 at 5-6.  Plaintiff asserts that "[i]t is customary for Solano correctional officers to observe a disturbance and respond after the disturbance has become an incident."  Id. at 4.  With the respect to the incident at issue here, plaintiff alleges that defendants observed "Hispanic and black inmates pushing and shoving on the football field, but failed to prevent further disturbance."  Id. at 5.  Plaintiff alleges that defendant Hilton "observed a mass of inmates moving from the baseball diamond, out of his sight, to the front of building (4) then, a racial riot broke out and several inmates attempted to murder [plaintiff]."  Id.  Plaintiff further claims that defendant Hilton admitted to plaintiff that he had observed "the pushing and shoving on the football field" and asked plaintiff whether he was a part of it.  Id.  Plaintiff argues that defendants failed to protect him "when they could have prevented the race riot before it happened."  Id. at 6.  Plaintiff alleges that "[h]ad they called a code when the pushing and shoving happened, [he] never would have been stabbed."  Id.

Plaintiff seeks monetary damages under 42 U.S.C. § 1983 against defendants for failing to prevent the riot that resulted in the stabbing of plaintiff.  Id. at 6.

Under the "Parties" section of the complaint, plaintiff identifies only correctional officer Hilton as a defendant.  Id. at 2.  The body of the complaint, however, also refers generally to "defendants" and correctional "officers."

IV.   Equal Protection

The complaint identifies only one claim: "Depravation of equal protection of the law."  Id. at 4.  The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985); see also Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013).  To bring a successful equal protection claim, a plaintiff must show differential treatment from a similarly situated class.  See Washington v. Davis, 426 U.S. 229, 239 (1976).  For this differential treatment to give rise to a claim under 42 U.S.C. § 1983, "one

---

[1]  The California Department of Corrections online inmate locator service shows plaintiff is currently incarcerated at California State Prison-Sacramento.

1    must show intentional or purposeful discrimination." <u>Draper v. Rhay</u>, 315 F.2d 193, 198 (9th Cir.

2    1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful

3    discrimination").  The complaint is devoid of any allegations required for an equal protection

4    claim.  Therefore, plaintiff has failed to state a cognizable equal protection claim.

5              V.    <u>Eighth Amendment-Failure to Protect</u>

6         Based on the allegations in the complaint, it appears that plaintiff is attempting to assert a

7    claim for failure to protect.  Under the Eighth Amendment, "prison officials have a duty . . . to

8    protect prisoners from violence at the hands of other prisoners." <u>Farmer v. Brennan</u>, 511 U.S.

9    825, 833 (1994) (quoting <u>CortesQuinones v. Jimenez–Nettleship</u>, 842 F.2d 556, 558 (1st Cir.

10   1988)).  To establish a violation of this duty, a prisoner must demonstrate that prison officials

11   were "deliberately indifferent to a serious threat to the inmate's safety." <u>Farmer</u>, 511 U.S. at 834.

12   This requires the prisoner to satisfy both an objective and a subjective component.  First, the

13   alleged facts must demonstrate that the alleged deprivation was, in objective terms, "sufficiently

14   serious." <u>Id.</u> at 834 (quoting <u>Wilson v. Seitner</u>, 501 U.S. 294, 298 (1991)).  Second, the alleged

15   facts must demonstrate that prison officials acted with a sufficiently culpable state of mind.

16   Prison officials must have known of and disregarded an excessive risk to the prisoner's safety.

17   <u>Id.</u> at 837.  Thus, "the official must both be aware of facts from which the inference could be

18   drawn that a substantial risk of serious harm exists, and he must also draw that inference." <u>Id.</u>

19   However, a prison official who knows of a substantial risk to an inmate's health or safety but acts

20   reasonably under the circumstances will not be held liable under the cruel and unusual

21   punishment clause, even if the threatened harm results.  <u>Id.</u> at 843.

22        In his complaint, plaintiff suggests that defendants knew that a riot was about to erupt, but

23   failed to prevent it.  Plaintiff claims that if defendants had "called a code when the pushing and

24   shoving happened," plaintiff would not have been stabbed.  ECF No. 1 at 6.  These allegations

25   fail to raise any putative failure to protect claim above the speculative level.  Moreover, to

26   warrant relief under § 1983, plaintiff must affirmatively link these actions to specific defendants.

27   <u>See</u> <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976).  Although plaintiff identifies correctional

28   officer Hilton as a defendant, he fails to identify any other prison officials by name.  It is

4

1  insufficient for plaintiff to simply allege that prison officials, in general, were somehow complicit

2  in the riot that resulted in the stabbing of plaintiff.  In addition, plaintiff has not alleged that

3  prison officials were deliberately indifferent to a serious threat to plaintiff's safety.  Plaintiff fails

4  to set forth any factual allegations raising a plausible inference that, prior to the riot, any

5  defendant was subjectively aware of any substantial risk of harm to plaintiff, or that any official

6  failed to take any action that could have prevented the resulting harm.  Accordingly, plaintiff

7  vague allegations fail to state a cognizable failure to protect claim.

8        VI.    Leave to Amend

9        The court will provide plaintiff an opportunity to amend the complaint.  If plaintiff

10  chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of

11  have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

12  227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant

13  is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

14  link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at

15  370-71; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

16  743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in

17  civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

18  1982).

19        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

20  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

21  complaint be complete in itself without reference to any prior pleading.  This is because, as a

22  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

23  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

24  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

25  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26        In accordance with the above, IT IS HEREBY ORDERED that:

27        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

28        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

1   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

2   1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

3   Director of the California Department of Corrections and Rehabilitation filed concurrently

4   herewith.

5          3.  Plaintiff's complaint (ECF No. 1) is dismissed.

6          4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

7   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

8   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

9   assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

10  two copies of the amended complaint; failure to file an amended complaint in accordance with

11  this order will result in a recommendation that this action be dismissed.

12  DATED: March 30, 2017

13  _____

14  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

6