1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERNEST DOTSON,                            No.  2:16-cv-2391 AC P

12                 Plaintiff,

13        v.                                    ORDER and

14   J. HILTON, et al.,                         FINDINGS AND RECOMMENDATIONS

15                 Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights

18   action pursuant to 42 U.S.C. § 1983.  The case was referred to the United States Magistrate Judge

19   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Before the court is defendants' motion

20   for summary judgment, ECF No. 30.

21        I.        Background

22        This case was commenced on October 6, 2016, ECF No. 1, and proceeds on the Second

23   Amended Complaint, ECF No. 17.  The claims arise from plaintiff's assault by other inmates

24   during a prison riot on October 30, 2015 at California State Prison – Solano.  On August 10,

25   2017, the undersigned found that the Second Amended Complaint stated cognizable claims

26   against correctional officers Hilton, Conception, and Jacquinot for failure to protect in violation

27   of plaintiff's Eighth Amendment rights.  ECF No. 19.  The court found that the SAC did not state

28   cognizable claims against additional defendants Romo, Kett, Perez or Arguinzoni.  Plaintiff was

                                                 1

given the option to proceed against Hilton, Conception, and Jacquinot alone, or to amend his complaint to attempt to cure his claims against the other four defendants.  Id.  Plaintiff did not file an amended complaint, thus abandoning all claims against Romo, Kett, Perez and Arguinzoni.

Defendants Hilton, Conception, and Jacquinot filed the instant motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on June 29, 2018.  ECF No. 30.  Plaintiff failed to file an opposition to the motion.  As a result, on August 29, 2018, defense counsel filed a declaration in lieu of a reply.  ECF No. 32.  The declaration effectively requested that the court deem plaintiff's failure to oppose the summary judgment motion a waiver of any opposition to a grant of the motion.  See ECF No. 32 at 2.

On December 6, 2018, plaintiff filed a motion for a thirty-day extension of time to file a response to defendants' motion for summary judgment.  ECF No. 33.  The motion was granted, despite its untimeliness, on December 14, 2018.  ECF No. 34.  More than thirty days have passed, and plaintiff has yet to file an opposition to the pending motion for summary judgment or file another request for an extension of time to do so.  Accordingly, the motion for summary judgment is hereby deemed to be unopposed.  See Local Rule 230(l).

II.      Legal Standards for Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact."  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(A), (B).  "Where the non-moving party bears the burden of proof

at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." <u>Oracle Corp.</u>, 627 F.3d at 387 (citing <u>Celotex</u>, 477 U.S. at 325); <u>see also</u> Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>See Celotex</u>, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u>

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. <u>See</u> Fed. R. Civ. P. 56(c)(1); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," <u>Anderson</u>, 447 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" <u>T.W. Elec. Serv.</u>, 809 F.2d at 630 (quoting <u>First Nat'l Bank of Ariz. v. Cities Serv. Co.</u>, 391 U.S. 253, 288-89 (1968). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."

Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

On June 29, 2018, defendants served plaintiff with notice of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 30-1. See Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir. 1988); Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998) (movant may provide notice) (en banc), cert. denied, 527 U.S. 1035 (1999).

III.     Undisputed Facts

Defendants' Statement of Undisputed Facts, ECF No. 30-3, accurately summarizes the proffered evidence and is adopted in full due to plaintiff's failure to oppose the motion. It is incorporated here by reference.

IV.     Discussion

The undisputed facts demonstrate that defendants were correctional officer who responded to the riot on October 30, 2015. None of them were aware of any risk to plaintiff's safety before the riot began. Each acted in response to the emergency in accordance with their training and applicable policies, out of a desire to prevent injury to inmates and staff. Specifically, each defendant announced an alarm as soon as he identified circumstances warranting an alarm. Plaintiff was stabbed by other inmates while lying on the ground immediately following the alarms. Defendants point to the absence of evidence supporting a rational inference that defendants acted with deliberate indifference to plaintiff's safety. They seek summary judgment on this basis, and on their assertion of qualified immunity.

Defendants' showing satisfies their initial burden as the moving party.  In order to proceed on a failure to protect claim, plaintiff must identify evidence that would support the inference that defendants knew of and disregarded an excessive risk to his safety.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and wellbeing of the prisoner.  Id. at 832-33.  The evidentiary record here shows that defendants took reasonable measures to protect the safety of inmates on Yard A as soon as they became aware of the risk.  There is no evidence from which a rational trier of fact could find that the defendants knew in advance of a specific risk to plaintiff, or that they knew in advance that violence was imminent, or that they disregarded the likelihood of injury to inmates once the riot started.  Accordingly, defendants have accurately identified a complete failure of proof on deliberate indifference, which is an essential element of plaintiff's claim.  See Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (failure to protect violates Eighth Amendment only when defendants act with a sufficiently culpable state of mind, e.g. deliberate indifference).

The burden therefore shifts to plaintiff to identify evidence establishing a genuine issue as to this material fact.  See Matsushita, 475 U.S. at 586-87.  Plaintiff's failure to oppose the motion means that he has failed to meet this burden.  Defendants are therefore entitled to judgment in their favor.

CONCLUSION

IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

For the reasons explained above, IT IS HEREBY RECOMMENDED that Defendants' motion for summary judgment (ECF No. 30) be GRANTED and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE