UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST DOTSON, | No. 2:16-cv-2391 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| J. HILTON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 28, 2019, the magistrate judge issued findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 35. Neither party has filed objections to the findings and recommendations.

This matter is before the court on defendants' June 29, 2018 motion for summary judgment. ECF No. 30. By order filed September 18, 2017, plaintiff was informed, *inter alia*, that motions for summary judgment in this action "shall be briefed pursuant to L.R. 230(l)" and that "[f]ailure to timely oppose such a motion may be deemed a waiver of opposition to the motion." ECF No. 23 at 3 (emphasis added). Local Rule 230(l) requires opposition to a motion

1

for summary judgment in prisoner actions to be filed "not more than twenty-one (21) days after the date of service of the motion." L.R. 230(l) (E.D. Cal.). The rule also provides that failure to file an opposition or a statement of non-opposition to a motion "may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id*.

Plaintiff did not timely file either an opposition or a statement of non-opposition to defendants' motion. On December 6, 2018, plaintiff filed a motion for a thirty-day extension of time to respond to the motion, ECF No. 33, which was granted by order filed December 14, 2018, ECF No. 34. Plaintiff has not filed anything further in this action since the motion for extension of time was granted.

The magistrate judge recommends that defendants' motion for summary judgment be granted on the merits. The court declines to adopt that recommendation. For the reasons explained in this order, this action will be dismissed under Fed. R. Civ. P. 41(b) for lack of prosecution.

> It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution. *Link [v. Wabash R.R.]*, 370 U.S. [626] at 630, 82 S.Ct. [1386] at 1388 [(1962)]. When considering whether to dismiss a case for lack of prosecution, the district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. *Ace Novelty Co. v. Gooding Amusement Co.*, 664 F.2d 761, 763 (9th Cir.1981); *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir.1976).

*Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). In deciding to dismiss this action for lack of prosecution, the court has considered the five factors set forth in *Ash*. "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Moreover, the court of appeals has held that "'[d]istrict judges are best situated to decide when delay in a particular case interferes with docket management and the public interest.'" *Id*. (quoting *Ash*, 739 F.2d at 496). In this case, the first two factors favor dismissal. This action has been pending for almost three years and has reached the stage, set by the court's December 13, 2017 scheduling order for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial. *See* ECF No. 29 at 5. Plaintiff's

five-month delay in responding in any way to defendants' motion for summary judgment, and his failure to comply with the requirements of Local Rule 230(l) with respect to responding to defendants' motion, even after his untimely request for extension of time was granted, suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

The third factor, risk of prejudice to defendants, also favors dismissal. Defendants face no risk of prejudice from the dismissal of this action, whether it is on the merits of the summary judgment motion, as recommended by the magistrate judge, or by this court's decision to dismiss the action for lack of prosecution. *See* Fed. R. Civ. P. 41(b) (unless dismissal order under Rule 41(b) "states otherwise" it "operates as an adjudication on the merits.") The risk of prejudice to defendants would arise, if at all, if this court disagreed with the magistrate judge's analysis of the merits of defendants' summary judgment motion and concluded defendants had not met their burden of demonstrating an entitlement to summary judgment. Rather than spend precious judicial resources on that exercise, the court will dismiss this action for lack of prosecution.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. *See Ash*, 739 F.2d at 496.

/////

/////

/////

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued March 28, 2019 (ECF No. 35) are not adopted;

2. This action is dismissed under Fed. R. Civ. P. 41(b) for lack of prosecution; and

3. The Clerk of the Court is directed to close this case.

DATED: July 30, 2019.

                                          UNITED STATES DISTRICT JUDGE